[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13469
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00607-BJD-MCR


JEAN JOASSIN,

                       Plaintiff-Appellant,

versus

LIEUTENANT MURPHY,
SERGEANT RODGERS,
OFFICER COATS,
OFFICER MARTIN,
OFFICER WOODS,

                       Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2016)

Before WILLIAM PRYOR, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Jean Joassin, a Florida state prisoner proceeding *pro se*, appeals the district court's order granting summary judgment in favor of the Defendants, five prison officers at Suwannee Correctional Institution, on Joassin's 42 U.S.C. § 1983 claims for excessive force and deliberate indifference in violation of the Eighth Amendment. On appeal, Joassin contends the district court abused its discretion by failing to strike several declarations submitted by the Defendants and erroneously granted summary judgment where the evidence presented competing witness testimony. After review,[1] we affirm the denial of the motion to strike but reverse summary judgment.

The district court did not abuse its discretion in declining to strike the declarations and incident report. Each declarant expressly limited his or her declaration to events that he or she personally observed. The fact that some declarants did not personally observe every relevant portion of the incident does not render speculative their declarations regarding events the declarants did observe. The declarations were based on personal knowledge and are therefore admissible summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(4).

---

[1] We review for abuse of discretion a district court's ruling on a motion to strike. *See Evans v. Books-A-Million*, 762 F.3d 1288, 1295 (11th Cir. 2014). We review *de novo* a district court order granting summary judgment, applying the same legal standards as the district court. *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013).

The district court improperly granted summary judgment in favor of the Defendants. While some details of Joassin's account of the incident have varied, the bulk of Joassin's claims have remained consistent. In both his verified complaint and his deposition, Joassin stated that the officers slammed him to the ground three times without provocation while he was restrained, grabbed and squeezed his genitals, and spit in his face, causing various injuries. Drawing all reasonable inferences in Joassin's favor, Joassin's sworn testimony creates a genuine issue of material fact as to "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S. Ct. 1078, 1085 (1986).

In concluding that summary judgment was appropriate, the district court relied on the declarations of the Defendants and three non-parties: a prison officer, a prison nurse, and a Florida Department of Corrections investigator. Although competing affidavits generally create a genuine issue of fact, the district court held that this case was similar to the Supreme Court's opinion *Scott v. Harris*, under which we should disregard a party's sworn account of the events if it is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). In *Scott*, a video of the high-speed chase at issue in the case "so utterly discredited" the plaintiff's

description of the events that the Court held no reasonable jury could believe the plaintiff. *Id.* at 380, 127 S. Ct. at 1776. We have interpreted *Scott* as reaffirming our understanding of the summary judgment standard. *See Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) ("Thus, where an accurate video recording completely and clearly contradicts a party's testimony, that testimony becomes incredible."). In *Morton*, we affirmed a district court's denial of summary judgment because the defendant offered not a video recording but "forensic evidence that does not so utterly discredit [the plaintiff's] testimony that no reasonable jury could believe it." *Id*.

Here, Joassin's self-serving testimony is contradicted by the self-serving testimony of the prison officials who are either Defendants in this action or colleagues of the Defendants in this action. In concluding that Joassin's testimony was blatantly contradicted by the record, the district court relied upon a Department of Corrections investigator's declaration relaying what he saw on a now-destroyed videotape and a prison nurse's declaration introducing Joassin's medical records from the date at issue. But neither declaration is so inherently credible as to "blatantly contradict[]" and "utterly discredit[]" Joassin's testimony. *See Scott*, 550 U.S. at 380, 127 S. Ct. at 1776. Additionally, even if we treated the two declarations as sacrosanct, neither declaration contradicts enough of Joassin's testimony to warrant judgment as a matter of law.

Though based on the investigator's observation of a videotape, the investigator's declaration is not videotape evidence. Because the videotape was destroyed, neither the district court nor this Court has the benefit of an irrefutable videotape that "completely and clearly contradicts" Joassin. *See Morton*, 707 F.3d at 1284. Rather, the investigator's declaration presents just another interested witness's recitation of what he claims to have observed. Furthermore, the investigator's declaration, if credited, refutes Joassin's allegations with respect to only the portion of the incident that took place in or near the shower. The investigator concedes that he observed no videotape evidence of the portion of the incident that took place in the vestibule while prison officers led Joassin to the infirmary. Therefore, even if we discredited Joassin's testimony to the extent the investigator testifies otherwise, there would remain a genuine issue of fact as to whether the prison officers squeezed Joassin's genitals and twice unnecessarily slammed Joassin to the ground.

Likewise, the prison nurse's declaration and records of Joassin's medical treatment do not "completely and clearly contradict[]" Joassin's testimony. *See id*. As a former employee and current contractor of the Department of Corrections, the nurse is an interested witness. Even if the nurse was disinterested, her declaration cannot be credited to the extent Joassin's testimony contradicts it. *See Jackson v. West*, 787 F.3d 1345, 1357 n.6 (11th Cir. 2015). The declaration and medical

records, which the nurse completed, remain contradicted to the extent that Joassin stated in his deposition that the nurse did not examine him on the date at issue. This action is therefore no more than a swearing contest between interested witnesses. *See id.* ("One cannot 'refute' a witness's statements using another witness's statements at summary judgment; such a swearing contest is one for the jury to resolve."). Furthermore, the nurse's declaration and medical records, if credited, refute Joassin's allegations only as to the severity or existence of Joassin's injuries. The nurse does not claim to have witnessed any portion of the allegedly excessive use of force. "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992). We may not superimpose onto this inquiry an arbitrary injury threshold. *See Wilkins v. Gaddy*, 559 U.S. 34, 39, 130 S. Ct. 1175, 1179 (2010) ("To conclude . . . that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry." (quotation marks omitted)); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (acknowledging *Wilkins* and extending it to a Fourth Amendment excessive-force case). Therefore, even if Joassin overstates his alleged injuries, the Defendants are not entitled to judgment as a matter of law.

The summary judgment evidence reveals a genuine dispute regarding whether the Defendants "maliciously and sadistically" inflicted and permitted one another to "maliciously and sadistically" inflict force upon Joassin "for the very purpose of causing harm." *Whitley*, 475 U.S. at 320, 106 S. Ct. at 1085. Therefore, summary judgment was inappropriate.

**AFFIRMED in part, REVERSED and REMANDED in part.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 05, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-13469-DD
Case Style: Jean Joassin v. Lieutenant Murphy, et al
District Court Docket No: 3:13-cv-00607-BJD-MCR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellees.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, DD at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs